# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON GARRETT, | ) 1:05cv821 DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S |
| | ) MOTION FOR ATTORNEYS' FEES |
| v. | ) |
| | ) (Document 20) |
| JO ANNE B. BARNHART, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on a petition for attorneys' fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on February 17, 2006, by Plaintiff's attorney, Stuart Barasch. Defendant filed an opposition on March 2, 2006, arguing that the requested amount is unreasonable. Plaintiff filed a reply on March 7, 2006.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the Jurisdiction of the United States Magistrate Judge. On October 21, 2005, the Honorable Robert E. Coyle reassigned the case to the undersigned for all purposes.

1

**BACKGROUND**

On January 28, 2005, an ALJ determined that Plaintiff was not disabled.

On June 22, 2005, Plaintiff commenced the instant action. On January 23, 2006, pursuant to the parties' stipulation, the Court remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Barasch filed this motion on February 17, 2006, requesting $1,159.95 in attorneys' fees. Defendant opposed the motion on March 2, 2006, arguing that Mr. Barasch's request was unreasonable and suggesting a fee of $658.35. On March 7, 2006, Mr. Barasch filed his reply and requested an additional $360.52 in fees for time spent in preparing the reply, for a total request for $1,520.47.

**DISCUSSION**

A.  Reasonableness of Request

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

In his application, Mr. Barasch requests attorneys' fees in the amount of $1,159.95 (for 7.4 hours[2]). In support of his request, he attaches an itemized bill for time spent from June 14, 2005, through February 17, 2006. In his reply, he requests fees for an additional $360.52 (for 2.3 hours) for time spent in preparing the reply brief.

Defendant does not dispute that Mr. Barasch is entitled to EAJA fees, but argues that competent, experienced counsel should have been able to handle this case in significantly less time than requested.

---

[2] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Mr. Barasch calculates the cost of living increases as providing for an hourly rate of $156.75 for time worked in 2005. Defendant does not contest this rate.

1.   *Pre-Complaint Activity*

Defendant argues that Mr. Barasch should not be compensated under EAJA for time spent *prior* to filing the complaint in this Court. Citing Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir. 2000), Defendant contends the time spent on June 14, June 15 and June 20[3], 2005, should not be compensated because it occurred prior to the filing of the instant complaint.

Although the time requested for June 14 and 15, 2005, was for activity completed prior to the filing of this action, the Court finds that the time was spent in preparation for this action and is therefore compensable. The EAJA defines "fees and other expenses" as including "reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. . ." 28 U.S.C. § 2412 (d)(2)(A). Obviously, the EAJA recognizes that legal work *must* be done in preparation for the filing of a civil action. Mendenhall does not hold otherwise. There, the issue was not whether attorneys' fees incurred in preparation for, but prior to, filing were compensable. Rather, the court determined that work done before the administrative agency, prior to the filing of a civil suit, was not compensable under section 2412. Mendenhall, 213 F.3d 464, 468-469.

Unlike Mendenhall, Mr. Barasch's work prior to the filing of this action was not performed before the administrative agency. The work done on June 14 and 15, 2005, although done prior to the filing of this action, was done in preparation for filing the action. On June 14, Mr. Barasch spent .3 hours reviewing "the ALJ's decision for merits in USDC." On June 15, he spent .2 hours on Plaintiff's application to proceed in forma pauperis. Exhibit A, attached to Motion. The Court will not extend the holding of Mendenhall to prohibit payment for work done in preparation for, but prior to, the filing of a civil action. Accordingly, the time on June 14 and 15, 2005, will not be disallowed on this basis.

Defendant further argues that a review of the Complaint filed on June 22, 2005, reveals that it did not include the "merits" of this case, therefore leaving "no basis" for counsel to have

---

[3] There was no charge for the time spent on June 20, 2005, and therefore the Court will not further discuss this date.

3

spent .3 hours reviewing the merits of the ALJ's decision. While the Complaint may not have contained factual information specific to Plaintiff, counsel was certainly reasonable in reviewing the ALJ decision upon which the Complaint is based. The time will not be disallowed on this basis.

    2.    *Clerical Activity*

Defendant opposes certain fees requested because the entries reflect "purely clerical tasks." Specifically, Defendant opposes the following:

| | | |
|---|---|---|
| June 15, 2005 | Prepared and forwarded Fee Agreement and Application to Proceed In Forma Pauperis to Sharon Garrett for signature. | .2 |
| June 24, 2005 | Received and reviewed Notice of Electronic Filing with Scheduling Order and other forms. | .1 |
| June 24, 2005 | Prepared forms USM-285, Notice of Submission of Documents and forwarded to Clerk of the Court for service. | .2 |
| June 24, 2005 | Prepared and filed Consent to Jurisdiction by Magistrate. | .1 |
| August 1, 2005 | Received and reviewed Notice of Electronic Filing with Summons Returned Executed. | .1 |

Defendant correctly argues that Mr. Barasch should not be compensated for non-attorney level work. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999); Sorenson v. Concannon, 161 F.Supp.2d 1164, 1168 (D.Or. 2001) (purely clerical tasks, such as faxing, mailing, etc., are not compensable under the EAJA); Wilkett v. Interstate Commerce Comm'n, 844 F.2d 867, 875-876, n. 6 (D.C. Cir. 1988). However, the disputed tasks are not purely clerical. Reviewing court documents and preparing certain documents, such as the Consent to Magistrate Jurisdiction, Application to Proceed In Forma Pauperis, and service documents, while

4

mundane, are tasks that are routinely performed by an attorney. See eg. Williams v. Apfel, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly). Accordingly, the Court will allow the requested amounts.

   3.  *Time Spent in Preparing the Settlement Letter*

Next, Defendant contends that the 5.2 hours Mr. Barasch requests for preparation of the settlement letter is excessive and should be reduced. Defendant argues that the hours should be reduced because "counsel merely recognized one obvious inconsistency in the record and incorrectly alleged another inconsistency in the vocational expert testimony that if both existed, would 'stick out like sore thumbs' in any uncomplicated Social Security disability case." Opposition, at 6. Defendant suggests that the 5.2 hours be reduced to 2.8 hours.

First, Defendant incorrectly lumps together time spent reviewing the transcript with time spent preparing the settlement letter. According to the itemized bill, Mr. Barasch spent a total of 2.0 hours reading and analyzing the transcript and a total of 3.2 hours writing and editing the confidential letter brief. Exhibit A, attached to Motion. Given that the transcript was 337 pages and unquestionably needed to be reviewed prior to drafting the confidential letter brief, 2.0 hours is a reasonable request and will be allowed.

In preparing the confidential letter brief, Mr. Barasch requests a total of 3.2 hours, of which 3.0 hours were spent writing the letter and .2 hours were spent editing the letter. Exhibit A, attached to Motion. Defendant argues that the reason the Commissioner agreed to remand was not novel or complex, and was subject to settled Ninth Circuit case law, making counsel's expenditure of 3.2 hours excessive. Defendant also characterizes Plaintiff's alternate argument in support of remand as neither novel or complex, nor supported by case law.

Obviously, the Court does not have the benefit of reviewing the confidential letter brief. A review of the ALJ's decision and the hearing testimony reveals that the ALJ's hypothetical question did not adequately mirror the RFC assessment in his decision. AR 14, 331-333. However, this does not necessarily mean that the case was "easy" or "simple," of that counsel

should have spent less time preparing the letter brief. The Court cannot say that 3.2 hours spent in preparation of the confidential letter brief, which ultimately resulted in a positive outcome for Plaintiff, was unreasonable.

  4.  *Time Spent in Preparing the Motion for Attorneys' Fees*

Defendant does not oppose Mr. Barasch's request for one hour of time spent on the preparation of the instant motion.

  5.  *Time Spent in Connection with Reply Brief*

In his reply, Mr. Barasch requests an additional 2.3 hours of attorneys' fees, which he contends were needed to research and draft his reply. In the attached declaration, he indicates that he spent .2 hours reviewing the opposition and 2.1 hours researching and drafting the reply. Attorneys' fees for attorney fee litigation are compensable. Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991). The requested time is reasonable and will be allowed.

## **AWARD**

Accordingly, Mr. Barasch's motion is GRANTED. The Court finds that Mr. Barasch is entitled to an award of $1,520.47 in attorneys' fees (9.7 hours x 156.75 per hour).

IT IS SO ORDERED.

  **Dated: April 25, 2006**       **/s/ Dennis L. Beck**
3b142a                UNITED STATES MAGISTRATE JUDGE